UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM EARL ORTIZ,<br><br>　　　　　　　　　Defendant. | NO: CR-10-82-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE |

Before the Court is Defendant William Earl Ortiz's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court has reviewed Mr. Ortiz's motion, the attached transcript, the Amended Judgment, all other relevant filings, and is fully informed.

**BACKGROUND**

On March 8, 2011, Mr. Ortiz pleaded guilty to the July 8, 2010, indictment, which charged him with three counts of distribution of five grams or more of pure (actual) methamphetamine. ECF No. 62. Mr. Ortiz was sentenced on June 14, 2011 to 108 months of incarceration. ECF Nos. 84, 85. At the time Mr. Ortiz was

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 1

1  taken into federal custody, Mr. Ortiz was part of the "rider" program operated by

2  the State of Idaho, a program that allows a sentencing court to retain jurisdiction

3  over a sentenced case.  Mr. Ortiz was placed into the program as a result of a 2009

4  conviction for possession of controlled substances and paraphernalia.  In imposing

5  the 108-month sentence, the Court ordered that the 108-month sentence should run

6  concurrently to the term of imprisonment imposed in the Idaho case.  ECF No. 85

7  at 2, 103 at 2.

8   Mr. Ortiz appealed his sentence to the Ninth Circuit, arguing that this Court

9  erred in calculating his sentence and considering the 18 U.S.C. § 3553(a) factors.

10 ECF No. 88.  This Court was affirmed on appeal.  ECF No. 105.  Mr. Ortiz now

11 brings the present motion, seeking a separate order from this Court establishing

12 that he is entitled to a reduction of ten months in his sentence due to account for

13 the time he served on his Idaho sentence.  He argues that the failure of counsel to

14 either file the proper paperwork or seek a separate order from the Court setting the

15 state and federal sentences as concurrent constitutes ineffective assistance of

16 counsel.

17 **DISCUSSION**

18  In order to establish ineffective assistance of counsel, a defendant must

19 show that the performance of his or her attorney fell below an objective standard of

20 reasonableness and that there is a reasonable probability that, but for counsel's

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 2

unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

By default, terms imposed at different times are served consecutively. 18 U.S.C. § 3584(a). However, where a state term of imprisonment has been already been imposed on a defendant, but has not yet been discharged, a federal court may order a federal term of imprisonment to be served concurrently with the state term. *See* § 3584(a).

In this case, the Court ordered that Mr. Ortiz's sentence be served concurrently to the already-imposed sentence on case number CR-09-9499 in Kootenai County District Court. No further filings or orders are required by law. As no further filings are required, Mr. Ortiz's counsel did all that was required under the law to see that Mr. Ortiz's federal sentence was served concurrently to his state sentence. Therefore, Mr. Ortiz's counsel's performance did not fall below an objective standard of reasonableness. Therefore, Mr. Ortiz cannot establish ineffective assistance of counsel.

Even if the Court were to reach the issue of whether the Bureau of Prisons has accurately calculated the Defendant's term of incarceration, the Court has insufficient evidence in the record to determine whether the calculation is correct. The Court does not know what Mr. Ortiz's anticipated release date is, nor does the Court know when and for how long Mr. Ortiz served his state term of custody.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 3

1  There is simply no evidence in the record to establish either fact.  Without access
2  to the needed information, the Court cannot independently calculate a sentence and
3  cannot determine whether the Bureau of Prisons has taken into account the Court's
4  order.  As a result, the Court cannot grant Mr. Ortiz's motion and modify the
5  sentence.  Therefore, Mr. Ortiz's motion must be denied.

6  Accordingly, **IT IS HEREBY ORDERED:**

7  1. The Defendant's motion to vacate, set aside, or correct sentence under 28
8  U.S.C. § 2255, **ECF No. 108**, is **DENIED**.

9  **IT IS SO ORDERED**.

10  The District Court Clerk is hereby directed to enter this Order and to provide
11  copies to counsel and the Defendant and inform the Ninth Circuit Court of Appeals
12  that if Mr. Ortiz files a Notice of Appeal, that a certificate of appealability is
13  **DENIED**.

14  **DATED** this 13th of August 2013.

            *s/ Rosanna Malouf Peterson*
            ROSANNA MALOUF PETERSON
            Chief United States District Court Judge

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 4